FILED

2020 JUN 18 AM 9:47

GAIL WOLFENBARGER
CIRCUIT CLERK
HEMPSTEAD COUNTY, AR

IN THE CIRCUIT COURT OF HEMPSTEAD COUNTY, ARKANSAS
CIVIL DIVISION

WALTER E. DUNN                                                              PLAINTIFF

VS.                             NO. 29CV-20-66-2

FORWARD AIR, INC.; CHARLES LUCAS ORIVE;
AND ENTERPRISE FM TRUST                              DEFENDANTS

## COMPLAINT

COME NOW the Plaintiff, Walter E. Dunn, by and through his attorneys, RAINWATER, HOLT & SEXTON, P.A., and for his Complaint against the Defendants, hereby states and alleges the following:

### I. RESIDENCY & PARTIES

1. Plaintiff Walter E. Dunn was at all times relevant a citizen and resident of North Little Rock, Pulaski County, Arkansas, residing at 217 Cheryl Street, North Little Rock, Arkansas 72114.

2. Defendant Forward Air, Inc. "Defendant Forward Air" is a foreign for profit corporation doing business under the laws of the State of Tennessee. According to the Arkansas Secretary of State, Defendant Forward Air, has named Cogency Global, Inc., 1215 Twin Lakes Drive, Little Rock, Arkansas 72205, as its active agent/registrant. Upon Plaintiff's information and belief, Forward Air does business within the boundaries of the State of Arkansas and a transporter and/or distributor of products through the use of either company owned and/or leased tractors that were operated by Defendant Orive.

3. Defendant Charles Lucas Orive "Defendant Orive" was at all times relevant a resident of South Houston, Harris County, Texas, and, upon Plaintiffs information and belief, may be served with process at 1000 S. Allen Genoa Road Apt. 83, South Houston, Texas 77587. Upon the

Plaintiff's information and belief, Defendant Orive was an employee and/or agent of Defendant Forward Air and was operating the 2015 Volvo TT on the day in question at their instruction, training, supervision, dominion, request and/or demand.

4. Defendant Enterprise FM Trust "Defendant Enterprise" is a foreign business trust doing business under the laws of the State of Missouri. According to the Arkansas Secretary of State, Defendant Enterprise has named CT Corporation System, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201, as its active agent/registrant. Upon the Plaintiff's information and belief, Defendant Enterprise is a company that sells, leases, and/or services tractors and/or trailers to businesses and/or individuals throughout the United States, including Arkansas, for use on the roadways and Interstates in and through Arkansas. Upon information and belief Defendant Enterprise owned and/or leased the 2015 Volvo TT operated by separate Defendant Orive.

5. Plaintiff believes that a 2015 Volvo TT owned by Defendant Enterprise was operated via a lease and/or some other agreement with Separate Defendant Forward Air and that said tractor in question was involved in a motor vehicle collision with the Plaintiff on, or around April 9, 2020, in Hempstead County, Arkansas.

6. The incident giving rise to this cause of action occurred on Interstate 30 at log mile 35.503 in rural Hempstead County, Arkansas.

## II. JURISDICTION AND VENUE

7. This Court has jurisdiction pursuant to Ark. Code Ann. § 16-13-201(a), which provides that circuit courts shall have original jurisdiction of all actions and proceedings for the redress of civil grievances except where exclusive jurisdiction is given to other courts.

8. Venue is proper pursuant to Ark. Code Ann. § 16-60-101, which provides that all actions for damages for personal injury may be brought in the county where the collision occurred which caused the injury or in the county where the person injured resided at the time of the injury.

## III. BASIC PREMISE

9. This is a negligence case which arises from a motor vehicle collision that occurred on, or around, April 9, 2020, on Interstate 30 at log mile 35.503 in rural Hempstead County, Arkansas. The actions of Defendant Orive caused serious bodily injuries to the Plaintiff as more specifically pled herein.

## IV. FACTS

10. On or about April 9, 2020, at approximately 8:23 p.m., Plaintiff Dunn was driving eastbound on Interstate 30, in a 2011 Dodge 1500 pickup and pulling a U-haul trailer.

11. The trailer Plaintiff was pulling was owned by U-Haul and leased to the Plaintiff.

12. The trailer was properly hitched to Plaintiff's vehicle and was licensed and had a working lighting system for braking and nighttime visibility.

13. At the same time and place, Defendant Orive was also traveling eastbound on Interstate 30 behind Plaintiff Dunn, in a 2015 Volvo model TT licensed out of the state of Tennessee with a USDOT# of 728630.

14. Upon the Plaintiff's information and belief the 2015 Volvo TT operated by Defendant Orive was owned by Defendant Enterprise.

15. Upon the Plaintiff's information and belief the 2015 Volvo TT operated by Defendant Orive was owned and/or leased by Separate Defendant Forward Air either with Separate Defendant Enterprise and/or from Separate Defendant Enterprise.

16. At the time of the collision Plaintiff was operating his vehicle on Interstate 30 in a normal and safe manner while maintaining an appropriate speed for the roadway and/or traffic present.

17. While in the safe and proper operation of his vehicle and trailer, the Plaintiff was struck from behind.

18. Defendant Orive, while operating the 2015 Volvo TT, carelessly and negligently, and in violation of the rights and safety of others and the general public, failed to keep a proper lookout

3

for other vehicles on the roadway, struck the back of the U-haul trailer pulled by the Plaintiff.

19. The scope and force of the impact with the Plaintiff's vehicle and trailer by Defendant Orive caused the U-haul trailer to disconnect from Plaintiff's vehicle and exit the Interstate on the right side coming to rest in a ditch.

20. After the impact from Defendant Orive and the separation from the U-haul trailer, Defendant Orive continued forward striking the rear of the Plaintiff's vehicle.

21. The force of the impact with the Volvo TT operated by Defendant Orive caused the Plaintiff's vehicle to leave the roadway on the left hand side of the Interstate coming to rest in the median.

22. There was not any warning to Plaintiff of the movement by Defendant Orive to strike the rear of his truck-trailer combo.

23. Defendant Orive continued east on Interstate 30 after both impacts.

24. Defendant Orive failed to stop after the impacts to check on the Plaintiff or his property damage and/or his own physical person.

25. Defendant Orive traveled approximately seven (7) miles from the impact with the Plaintiff before stopping at the Love's Truck Stop in Prescott, Arkansas.

26. At the time of the collision Defendant Orive was an agent and/or employee of Defendant Forward Air.

27. At the time of the collision Defendant Orive was operating the tractor owned by Defendant Enterprise and/or leased by Defendant Forward Air.

28. At the time of the collision Defendant Orive was acting in the course and scope of his employment with Defendant Forward Air.

29. Defendant Orive left the scene of a vehicle crash in violation of Arkansas law.

30. Defendant Orive failed to render aid nor contact law enforcement after the collision.

31. As a result of the collision the Plaintiff sustained personal injuries and damages.

4

## V. CAUSE OF ACTION NO. ONE - NEGLIGENCE OF DEFENDANT CHARLES LUCAS ORIVE

32. All of the allegations previously pled herein are re-alleged as though stated word-for-word.

33. Separate Defendant Orive was negligent when he improperly maintained a safe distance and/or visual on other vehicles on the Interstate thereby negligently striking the Plaintiff.

34. Defendant Orive was negligent when he made the decision, after impact with the Plaintiff, to leave the scene of an accident/collision.

35. Defendant Orive was negligent when he failed to maintain a safe and proper speed for his tractor to assure safety to the other motorists who shared the roadway with Defendant.

36. Defendant Orive was negligent in the following particulars:

   (a) Driving in such a careless manner as to evidence a failure to keep a proper lookout for other traffic, in violation of Ark. Code Ann. § 27-51-104(a);

   (b) Driving in such a careless manner as to evidence a failure to maintain proper control, in violation of Ark. Code Ann. § 27-51-104(a), (b)(6) & (b)(8);

   (c) Driving at a speed greater than was reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing, in violation of Ark. Code Ann. § 27-51-201(a)(1);

   (d) Operating a vehicle in such a manner which would cause a failure to maintain control, in violation of Ark. Code Ann. § 27-51-104(b)(6);

   (e) Driving in a manner that was inattentive and such inattention was not reasonable and prudent in maintaining vehicular control, in violation of Ark. Code Ann. § 27-51-104(b)(8);

   (f) Following too closely or more closely than is reasonable and prudent, failing to have due regard for the speed of vehicles and the traffic upon the highway, in violation of Ark. Code Ann. § 27-51-305(a);

   (g) Failing to keep a lookout for other vehicles, in violation of the common law of Arkansas;

   (h) Failing to keep his vehicle under control, in violation of the common law of Arkansas;

   (i) Failing to drive at a speed no greater than was reasonable and prudent under the circumstances, having due regard for any actual or potential hazards, in violation of the common law of Arkansas;

(j) Driving too close to another vehicle, in violation of the common law of Arkansas;

(k) Failing to apply the brakes for the tractor preceding the collision in a timely manner to avoid and/or mitigate injuries and damages;

(l) Failing to stop, swerve or otherwise act to apply evasive and/or emergency maneuvers after he knew, or by reasonable care should have known, that there was a reasonable likelihood that the tractor would be striking a vehicle operating already in the same lane of traffic in front of it;

(m) Failing to sound a horn or give warning at any time prior to or during the crash sequence; and,

(n) Otherwise failing to exercise ordinary care under the circumstances.

37. In addition, Separate Defendant Orive, failed to use the ordinary and reasonable care required under the circumstances by engaging in the following separate and/or independent acts and/or omissions:

(a) Failing to obtain adequate education, direction and preparation, as well as becoming aware of policy and guidance, prior to operating the tractor he was driving;

(b) Operating a commercial motor vehicle without the required knowledge to do so safely;

(c) Operating a commercial motor vehicle without the required skills to do so safely;

(d) Failing to look out for traffic on the interstate at any time prior to the collision;

(e) Failing to recognize a hazard and drive so as to prevent the hazard from turning into an emergency; and

(f) leaving the scene of a motor vehicle collision.

38. At all times relevant, Defendant Orive was a driver or operator of "commercial motor vehicles" as defined by 49 C.F.R. parts 382 *et seq.* of the Federal Motor Carrier Safety Regulations. These federal regulations imposed certain mandatory duties and prohibitions upon Defendant Orive to ensure that in driving a commercial motor vehicle he conducted himself in a manner that protected public health, safety and welfare.

39. Defendant Orive violated the Federal Motor Carrier Safety Regulations, as adopted by the Arkansas State Highway Commission Regulations, including, but not limited to:

   (a) Violation of §392.2 in failing to operate a commercial vehicle in accordance with the laws, ordinances, and regulations of the State of Arkansas;

   (b) Violation of §392.3 providing that no driver shall operate a motor vehicle while the driver's ability and/or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him to begin or continue to operate a commercial motor vehicle; and

   (c) Violation of §392.14 requiring extreme caution and reduced speed when hazardous conditions exists.

40. A reasonably careful person, operating a commercial motor vehicle under similar circumstances, would foresee that the failures in duties of care listed above would result in devastating injuries to other persons traveling on public highways and Interstates just like the Plaintiff.

## VI. CAUSE OF ACTION NO. TWO - NEGLIGENCE LIABILITY OF DEFENDANT ENTERPRISE FM TRUST

41. All of the allegations previously plead herein are re-alleged as though stated word-for-word.

42. Separate Defendant Enterprise, upon the Plaintiff's information and belief, owned the 2015 Volvo TT in question and leased said tractor to Separate Defendant Forward Air operated by Defendant Orive.

43. Defendant Enterprise knew, or should have known, that Defendant Forward Air failed to adequately hire, train, educate, prepare, and/or direct their agents and/or employees such as Defendant Orive, on the risks and dangers of not maintaining a safe speed, a lookout for traffic on the roadway and/or maintaining a proper lookout while driving.

44. Defendant Enterprise knew, or should have known, that Defendant Forward Air placed under-prepared drivers, such as Separate Defendant Orive, in the leased tractors owned by Enterprise.

45. The failure by Defendant Enterprise to properly vet its lessee for its failure to produce unqualified drivers to operate its leased equipment, caused the bodily injuries of the Plaintiff.

### VII. CAUSE OF ACTION NO. THREE - NEGLIGENGE OF DEFENDANT FORWARD AIR, INC.

46. All of the allegations previously plead herein are re-alleged as though stated word-for-word.

47. Defendant Forward Air, Inc. was negligent in the following particulars:

   (a) Failing to have adequate policies and procedures regarding its drivers driving and the proper method of lookout for other motorist on the highway;

   (b) Failing to adequately train, educate, direct, prepared, set policy and/or give guidance to its drivers regarding driving in traffic and the proper speed and distance to maintain from the vehicle in front of it;

   (c) Failing to adequately train, educate, direct, prepare, set policy or give guidance to its drivers regarding safe driving practices;

   (d) Failing to exercise ordinary care with respect to training, educating, directing, preparing, setting policy or giving guidance to its drivers regarding safe driving practices; and

   (e) Otherwise failing to exercise ordinary care under the circumstances.

48. In addition, Defendant Forward Air failed to use ordinary and reasonable care required under the circumstances by engaging in the following separate and independent acts and omissions:

   (a) That Defendant Forward Air failed to properly train, monitor and supervise Defendant Orive in the safe operation of the tractor when approaching other vehicles on the roadway;

   (b) That Defendant Forward Air failed to properly train, monitor and supervise Defendant Orive about distracted driving;

   (c) That Defendant Forward Air failed to properly train, monitor and supervise Defendant Orive about the duties imposed upon him by the FMSCA and as a holder of a CDL;

   (d) That Defendant Forward Air knew or should have known that Defendant Orive was not competent, satisfactory, qualified, or safety-conscious enough to operate the tractor-trailer he was employed to drive; and

    (e)    That Defendant Forward Air misjudged and/or overestimated the skills and ability of Defendant Orive to drive the tractor-trailer.

49. That Defendant Forward Air failed to comply with industry standards as set forth by the DOT and relevant federal regulations dictated for motor carriers in properly training drivers such as Defendant Orive, which is evidence of negligence, including but not limited to the following particulars:

    (a)    Failing to design, develop, and implement adequate safety management controls related to speed management, space management, seeing ahead, total stopping distance, hazard perception, accident countermeasures, and/or fatigue and distracted driving awareness;

    (b)    Failing to train Defendant Orive regarding speed management, space management, seeing ahead, total stopping distance, hazard perception, accident countermeasures and fatigue, and distracted driving awareness;

    (c)    Failing to train, monitor and supervise the driving habits of Defendant Orive;

    (d)    Supervision of its business operations in failing to properly monitor the driving habits and records of its drivers, employees, and/or agents, specifically Defendant Orive;

    (e)    Supervision of its drivers, employees, and/or agents, specifically Defendant Orive;

    (f)    Instruction of its drivers, employees, and/or agents, specifically Defendant Orive;

    (g)    Entrustment of its tractor-trailer to its drivers, employees, and/or agents, specifically Defendant Orive;

    (h)    Entrustment of a tractor-trailer to its drivers, employees, and/or agents, specifically the Defendant Orive;

    (i)    Compliance with federal and/or state regulation and industry standards, as referenced in this Complaint and as developed during the discovery of this case;

    (j)    Failing to utilize available information and technology to properly monitor its drivers, employees, and/or agents, specifically the Defendant Orive for compliance with company policies and/or state and federal regulations;

    (k)    Allowing Defendant Orive to operate a commercial motor vehicle despite knowledge of his inability to do so safely;

    (l)    Failing to have adequate safety management controls in place or in use to ensure compliance with the required safety fitness standard;

9

    (m)    Failing to budget an appropriate amount of money to design, develop, and implement safety management controls in the areas of speed management, space management, seeing ahead, total stopping distance, hazard perception, accident countermeasures and fatigue and distracted driving awareness; and

    (n)    Failing to utilize available technology to monitor and audit the safety performance of its driver's including Defendant Orive.

50. That the conduct of Defendants are in violation of state and/or federal law, including but not limited to, 49 C.F.R. §383.110-123, 49 C.F.R. §390.11, 49 C.F.R. §390.3; 49 C.F.R. §392.1, 49 C.F.R. §392.2; 49 C.F.R. §392.3; 49 C.F.R. §392.14, 49 C.F.R. §392.7, 49 C.F.R. §393.4, 49 C.F.R. §396.11, 49 C.F.R. §396.17, 49 C.F.R. §396.3, A.C.A. §27-51-104, §27-51-201, §27-51-204 and §27-52-305.

## VIII. CAUSE OF ACTION - RESPONDEAT SUPERIOR LIABILITY

51. All of the allegations previously plead herein are re-alleged as though stated word-for-word

52. At all times relevant, Separate Defendant Orive was an agent and/or employee of Separate Forward Air.

53. At the time of the incident, Separate Defendant Orive was acting within the scope of his employment with Defendant Forward Air.

54. Separate Defendant Forward Air is legally responsible and vicariously liable for the negligence of its agent and employee, Defendant Orive, under the legal doctrines of joint enterprise, respondeat superior, and the principles of agency as adopted in the State of Arkansas.

55. The negligence of Defendant Orive is imputed to Defendant Forward Air as a matter of law.

## IX. PROXIMATE CAUSATION

56. All of the allegations previously pled herein are re-alleged as though stated word-for-word.

57. The Defendants' negligence proximately caused the collision described herein and the injuries and damages sustained by the Plaintiff.

## X. INJURIES AND COMPENSATORY DAMAGES OF PLAINTIFF EDWARD E. DUNN

58. All of the allegations previously pled herein are re-alleged as though stated word-for-word.

59. Plaintiff Dunn sustained personal injuries and damages as a result of the collision.

60. Plaintiff Dunn is entitled to the following damages:

   (a) the nature, extent, duration, and permanency of his injuries;

   (b) the full extent of the injuries he sustained;

   (c) the expense of his medical care, treatment and services received, including transportation, board and lodging expenses and those expenses that are reasonably certain to be required in the future;

   (d) any pain, suffering and mental anguish experienced in the past and reasonably certain to be experienced in the future;

   (e) the value of any earnings, earning capacity, profits, or salary lost in the past and that are reasonably certain to be lost in the future;

   (f) the visible results of his injuries; and,

   (g) any property damages he sustained.

61. The injuries and damages described herein have been suffered in the past and will be continuing in the future.

## XII. DEMAND FOR JURY TRIAL

62. Plaintiff hereby demands a trial by jury.

## XIII. DEMAND & PRAYER

63. The Plaintiff demands judgment against Defendants for a sum in excess of that required for federal court jurisdiction in diversity of citizenship cases and sufficient to fully compensate them for their damages.

64.     Plaintiff demands judgment against Defendants for pre-judgment interest and post-judgment interest at the maximum rate allowed by law; for reasonable expenses; costs; and for all other proper relief to which they may be entitled.

Respectfully Submitted,

By: _____
Bryce Brewer (ABN 2002013)
RAINWATER, HOLT & SEXTON, P.A.
P.O. Box 17250
Little Rock, AR 72222
(501) 868-2500
(501) 868-2508
bbrewer@rainfirm.com
Attorneys for Plaintiff